## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, MD  21046<br><br>    Plaintiff,<br><br>v.<br><br>SUN BROTHER MECHANICAL INSULATION INC.<br>1641 NW 55th Avenue<br>Lauderhill, FL  33313<br><br>Serve:   Nicanor M. Gonzalez, Registered Agent<br>           1641 NW 55th Avenue<br>           Lauderhill, FL  33313<br><br>    Defendant. | Civil Action No.: |

### COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO COMPEL AN AUDIT)

### JURISDICTION

1.   This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## PARTIES

2.      Plaintiff National Asbestos Workers Medical Fund (hereinafter "NAW Fund") is a multiemployer employee benefit plan as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Fund is established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NAW Fund ("hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Insulators Local Union 60 and the Defendant. The NAW Fund is administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.      Defendant Sun Brother Mechanical Insulation Inc. is a corporation existing under the laws of the State of Florida with offices located in Florida. Defendant transacts business in the State of Florida as a contractor or subcontractor in the insulation industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4.      Defendant entered into a Collective Bargaining Agreement with Insulators Local 60 establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Fund certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6.      Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of July 2016 through the present.

7. Defendant is bound to the Trust Agreement.

8. Pursuant to the Collective Bargaining Agreement and the Trust Agreement, the Trustees of the NAW Fund have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Fund.

9. The NAW Fund's auditor has attempted to conduct an audit of the Defendant's books and wage records by reviewing said records for the period of July 1, 2016 through the date of the audit.

10. Defendant has failed to cooperate with the Fund's auditor to permit the audit of its books and wage records by reviewing said records for the period of July 1, 2016 through the date of the audit.

11. The NAW Fund's auditor requested these records to determine the amounts due for the NAW Fund for the period of July 1, 2016 through the date of the audit.

12. Pursuant to the above-mentioned Collective Bargaining Agreement and Trust Agreement, Defendant is required to submit to the NAW Fund the records that were requested by the NAW Fund's auditor.

13. The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for interest assessed on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, Plaintiff Funds pray judgment against the Defendant as follows:

A. That this Court enforce the terms of the Plan and order Defendant to permit an audit of its wage and payroll records, as provided for in the Plan documents for the period of July 1, 2016 through the date of Judgment.

B. That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C. That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682
Attorneys for Plaintiff

329210_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 12th day of July, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
      Plan Benefits Security

_____/s/_____
Charles W. Gilligan

329210_1